UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LAWRENCE F. GOODINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:09-CV-50 |
| | ) | |
| CITY OF CHATTANOOGA, *et al.*, | ) | Chief Judge Curtis L. Collier |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Before the Court is a motion for summary judgment jointly filed by defendants City of Chattanooga, Freeman Cooper, Bobby Dodd, Michael Mathis, Jeannie Snyder, Robert Evans, Jason Irvin, Rick Mincy, Corliss Cooper, and Randy Noorbergen ("Defendants") (Court File No. 34). Plaintiff Lawrence F. Goodine ("Plaintiff") filed a response (Court File No. 49), to which Defendants did not reply. For the following reasons, the Court will **GRANT** Defendants' motion (Court file No. 34) and will **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. BACKGROUND

This is an action for alleged constitutional violations brought under 42 U.S.C. § 1983. Plaintiff is a former police officer with the Chattanooga, Tennessee Police Department ("Department"). In early 2007, after complaints from several suspects, the Department's Internal Affairs division began investigating Plaintiff (Court File No. 49 at 2). On March 7, 2007, Internal Affairs officers approached Plaintiff during roll call and ordered him to accompany them back to their offices. Plaintiff was escorted into a police vehicle and driven to another location (*id.*). When there, according to Plaintiff, he was interrogated. Internal Affairs officers advised Plaintiff in writing his refusal to answer any questions could result in disciplinary action, including termination

of his employment (Court File No. 36). Plaintiff, however, was also informed any statements he made during the Internal Affairs interview could not be used against him in a later criminal proceeding (*id.*). The Internal Affairs investigation resulted in several administrative charges against Plaintiff, alleging multiple incidents of theft, improper procedure, improper search, untruthfulness, and submitting a false report (Court File No. 35 at ¶ 2).

On April 13, 2007, defendant Chief Freeman Cooper ("Cooper"), as chief of police, conducted a disciplinary hearing on the charges against Plaintiff (*id.*). At the hearing, Cooper sustained all of the accusations, resulting in Plaintiff's termination (*id.*). Thereafter, Plaintiff exercised his right to appeal his termination to the Chattanooga City Council (*id.* at ¶ 3). After a hearing on August 25, 2007, the Chattanooga City Council voted unanimously to sustain Cooper's findings on all of the charges against Plaintiff, except the allegations of theft (*id.* at ¶ 3, Ex. 1 at 664–65). Accordingly, the Chattanooga City Council unanimously upheld Plaintiff's termination (*id.*). Plaintiff then appealed the Chattanooga City Council's decision by filing an application for writ of certiorari in the Chancery Court for Hamilton County, Tennessee (Court File No. 34, Ex. 1). Concluding the City Council's termination of Plaintiff was based on material and substantial evidence, the Chancery Court subsequently denied Plaintiff's application for the writ (*id.*). An appeal from this decision is currently pending in the Tennessee Court of Appeals.

While these appeals were ongoing, in May 2007, the Department began a criminal investigation into the allegations Plaintiff engaged in theft and other official misconduct while a Department employee (Court File No. 40 at ¶ 2). As a result of this investigation, a Hamilton County Grand Jury returned an indictment against Plaintiff, charging ten counts of theft, ten counts

of official misconduct, one count of aggravated perjury, and one count of extortion (Court File No. 1 at ¶ 18). However, Plaintiff was later acquitted of these charges following a jury trial (*id.* at ¶ 19).

## II.     STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

In his response to Defendants' motion for summary judgment, Plaintiff expressly abandoned all of his claims except the following: Plaintiff alleges, pursuant to 42 U.S.C. § 1983, Defendants violated his civil rights by 1) conducting an unreasonable seizure, 2) violating Plaintiff's right against self-incrimination, 3) denying Plaintiff his right to counsel, and 4) denying Plaintiff due process and equal protection (Court File No. 49 at 7). Defendants move for summary judgment on the merits of each of these claims. In addition, Defendants argue Plaintiff's claims are barred by the doctrine of res judicata. The Court considers the issue of res judicata first, followed by Plaintiff's individual claims.

### A. Res Judicata

Plaintiff's action is not barred by res judicata.[1] Res judicata "generally refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). A federal court applies the law of the state in which the state court judgment was rendered to determine the preclusive effect in a federal action. *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999). In Tennessee, to invoke the doctrine of res judicata, a prior judgment must satisfy four elements: 1) a court of competent jurisdiction rendered the prior judgment; 2) the prior was final and on the merits; 3) both proceedings involved the same parties or their privies; and 4) both proceedings involved the same cause of action. *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App.

---

[1]In federal practice the terminology res judicata and collateral estoppel are disfavored because of the inconsistent manner in which the terms have been used. Rather, claim preclusion and issue preclusion are favored.

1990)). Because the Chancery Court action did not satisfy the fourth element, this action is not barred by res judicata.

The Chancery Court judgment was rendered upon an application for a writ of certiorari, seeking review of the City Council's decision to uphold Plaintiff's termination (Court File No. 34, Ex. 1). Under Tennessee law, the writ of certiorari is a common-law doctrine that is authorized by statute. *See* Tenn. Code Ann. § 27-8-101. "The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." *Id.* In other words, the writ is an appellate action, not an original action. *See Hoover, Inc. v. Metro. Bd. of Zoning Appeals*, 955 S.W.2d 52, 55 (Tenn. Ct. App. 1997). For this reason, courts have held the procedure for a supervisory appeal does not permit the addition of allegations or claims that were not before the local body whose decision is appealed. *See Winkler v. Tipton County Bd. of Educ.*, 63 S.W.3d 376, 383 (Tenn. Ct. App. 2001) (holding chancery court had correctly refused to allow the petitioner-teacher to combine in a single action her certiorari appeal of her suspension by the board of education and her claim for damages under § 1983); *B&B Enters. of Wilson County v. City of Lebanon*, No. M2006-02464-COA-R9-CV, 2007 WL 1062216, at *2 (Tenn. Ct. App. April 9, 2007) ("Where an original action for damages has been joined with a petition for writ of certiorari, the claim for damages should be dismissed at the very outset." (citations omitted)).

Because the Chancery Court action was an application for a writ of certiorari, it was an appellate action and Plaintiff was not permitted to seek the damages sought in the present action. *See Winkler*, 63 S.W.3d at 383. Therefore, Plaintiff's present claims are not barred by the doctrine

of res judicata. *See Sorano v. Taggart*, 642 F. Supp. 2d 45, 52 (S.D.N.Y. 2009) (holding police officer's § 1983 claims were not barred by state court's appellate review of police department's decision to terminate police officer, because police officer was not permitted to state § 1983 claims in that appeal).

**B.     Unreasonable Seizure**

Plaintiff alleges his right was violated when Internal Affairs detained and interrogated him during its investigation into the allegations against Plaintiff. Defendant is entitled to summary judgment on this claim, because there was no "seizure" for the puropses of the Fourth Amendment.

The Fourth Amendment proscribes unreasonable searches and seizures. A person is "seized" when "a reasonable person would not feel free to leave an encounter with police." *Pennington v. Metro. Gov't of Nashville and Davidson County*, 511 F.3d 647, 651 (6th Cir. 2008). In *Florida v. Bostick*, 501 U.S. 429, 439 (1991), the Supreme Court held "a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter."

Police officers themselves have a right to be free from unreasonable seizures under the Fourth Amendment. *Pennington*, 511 F.3d at 651. Where a police officer is detained by his own police department by an order from a superior officer, however, it is necessary to "distinguish between a police department's actions in its capacity as an employer and its actions as the law enforcement arm of the state." *Id.* (quoting *Driebel v. City of Milwaukee*, 298 F.3d 622, 637 (7th Cir. 2002)). If a police officer feels compelled to comply out of fear of an adverse employment action, he is not "seized" for the purposes of the Fourth Amendment. *Id.* On the other hand, if the

6

police officer complies out of a reasonable belief his movement will be restricted by force or a show of lawful authority, then the officer is "seized." *Id.*

In this case, Plaintiff's encounter with Internal Affairs constituted an employment-related matter beyond the scope of the Fourth Amendment, because "all the circumstances surrounding the encounter" indicates it was administrative rather than criminal. *See Bostick*, 501 U.S. at 439. First, the uncontradicted record indicates the criminal investigation did not begin until after Plaintiff's termination. Plaintiff himself acknowledges defendants Randy Noorbergen, Corliss Cooper, and Robert Evans did not interview the alleged victims until after Plaintiff's termination (Court File No. 49 at 3). There is no other reference to a criminal investigation occurring prior to these interviews.

Second, that no criminal investigation was yet underway was repeatedly communicated to Plaintiff, both expressly and impliedly. For example, the detention began while Plaintiff was on duty (Court File No. 49 at 2). Plaintiff was not arrested or otherwise physically restrained during the encounter. His compliance was based solely on his obligation to obey orders. In addition, in Plaintiff's own words, during the interview, the Internal Affairs officers "offered [P]laintiff Garrity warnings, but they never gave [P]laintiff Miranda warnings. The Garrity warnings included an admonishment to plaintiff that failure to respond to questions could result in termination of employment" (*id.*).[2] The statements, however, also advised Plaintiff "[t]he answers that you give in the Internal Affairs investigation . . . can never be used against you in any criminal proceedings" (Court File No. 36). Thus, these warnings explicitly informed Plaintiff it was his employment,

---

[2]Though Plaintiff leaves the term undefined, the Court assumes Plaintiff intends "Garrity warning" to refer to the case of *Garrity v. New Jersey*, in which the Supreme Court held it unconstitutional to use statements against a police officer given on the threat of termination. 385 U.S. 493, 500 (1967).

rather than his liberty, which was at stake if he refused to comply with the investigation. Because Plaintiff's detention was an employment matter, Plaintiff was not seized for purposes of the Fourth Amendment, and there was no constitutional violation. *See Pennington*, 511 F.3d at 651.

### C. Right Against Self-Incrimination

Plaintiff's Fifth Amendment right against self-incrimination was not violated when he was interviewed by Internal Affairs officers. The Supreme Court has held mere coercion of a statement does not violate the self-incrimination clause of the Fifth Amendment absent use of the compelled statements in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 769 (2003); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir.2005) ("We read the Fifth Amendment's requirement that a plaintiff's statements be used in a criminal proceeding as essentially one of standing. Where such use of the statements has not occurred, the plaintiff may not sue because he has not suffered the injury against which the Fifth Amendment protects."). In their motion for summary judgment, Defendants observed Plaintiff has not identified any statements made to Internal Affairs later used against him in a criminal proceeding (Court File No. 42 at 24). In response to their motion, Plaintiff still did not identify any statements made to Internal Affairs later used against him in the criminal trial. Accordingly, Defendants are entitled to summary judgment on Plaintiff's self-incrimination claim. *See Chavez*, 538 U.S. at 769; *McKinley*, 404 F.3d at 438.

### D. Right to Counsel

Plaintiff alleges his interview with Internal Affairs violated his Sixth Amendment right to counsel. It is axiomatic, however, a plaintiff alleging a constitutional violation must demonstrate he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In this case, Plaintiff was acquitted on all charges, indicating any constitutional violation resulting from the denial of counsel

8

did not result in harm to Plaintiff.  Moreover, the Court concludes the record does not demonstrate any Fifth Amendment right to counsel ever arose.  Plaintiff has cited no authority indicating he had a Fifth Amendment right to counsel during an internal employment investigation.  Accordingly, Defendants are entitled to summary judgment on this claim.

### E. Due Process and Equal Protection

Plaintiff alleges his rights to due process and equal protection were violated when Defendants used the threat of discharge to coerce Plaintiff into providing incriminating evidence against himself.  Plaintiff cites no authority whatsoever indicating such a theory constitutes a claim cognizable under § 1983, however.  In addition, even if such a claim exists, Plaintiff does not identify what evidence, if any, was actually obtained pursuant to a threat of discharge.  Without identifying harm, Plaintiff fails to state a claim for a constitutional violation.  *See Lewis*, 518 U.S. at 349.  Accordingly, Defendants are entitled to summary judgment on this claim.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's motion for summary judgment (Court File No. 34) and will **DIRECT** the Clerk of Court to **CLOSE** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**